UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY B. REYES,<br>        Petitioner,<br>    v.<br>KIM HOLLAND,<br>        Respondent. | Case No.  15-cv-02918-WHO (PR)<br><br>**ORDER STAYING ACTION**<br><br>Dkt. Nos. 13 and 14 |

## INTRODUCTION

Petitioner Rey Reyes seeks federal habeas relief from his state convictions. Respondent moves to dismiss because the petition contains unexhausted claims, Dkt. No. 13, and Reyes responds by moving to stay the petition so that he can exhaust his claims, Dkt No. 14.  The action is STAYED so that Reyes can exhaust his claims in state court.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  In fact, a federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective."  *See* 28 U.S.C. § 2254(b)(1)(A)-(B).

As grounds for federal habeas relief, Reyes claims (1) defense counsel rendered ineffective assistance; (2) there was juror misconduct; and (3) the trial court's denial of his

United States District Court
Northern District of California

request to change attorneys violated his right to counsel.

Respondent is correct that the petition contains unexhausted claims. The record shows that Claims 1 and 3 were not presented to the California Supreme Court.[1] (Pet., Ex. 1 (Reyes's Petition for Review to the California Supreme Court).) The petition cannot proceed with unexhausted claims. For that reason, there is good cause to GRANT Reyes's request for a stay under *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005) so that he can exhaust his claims.[2] (Dkt. No. 14.)

Reyes asks the Court to appoint his former state court attorney as counsel. (Dkt. No. 14.) This request is DENIED. The Court will not appoint counsel, but Reyes is free to ask his former attorney to represent him. If counsel consents, he must file a notice of appearance as counsel of record in this action. Such appearance will either be *pro bono* or at Reyes's cost.

## CONCLUSION

Reyes's motion for a stay is GRANTED. The action is STAYED so that Reyes can exhaust claims in state court. Nothing further will take place in this action until the Court decides further action is appropriate, or until Reyes exhausts all his claims and, within thirty days of doing so, moves both to reopen this action and to lift the stay.

The Clerk shall terminate Docket No. 13, and ADMINISTRATIVELY CLOSE the file pending the stay of this action.

**IT IS SO ORDERED.**

**Dated:** June 22, 2016



WILLIAM H. ORRICK
United States District Judge

---

[1] Respondent concedes that Claim 2 was exhausted. (Res't's Mot. to Dismiss at 2.)

[2] This procedure is often referred to as a "stay and abeyance." This phrasing refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." *Rhines*, 544 U.S. at 275. For convenience, the Court refers to the procedure as a stay.